NUMBERS 13-07-244-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KATHRYN ANN HILTON

A/K/A KATHRYN QUEBEDEAUX, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 252nd District Court of Jefferson County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza


 Appellant, Kathryn Ann Hilton (a/k/a Kathryn Quebedeaux), was indicted for
possession of at least one gram, but less than four grams of cocaine, a third degree felony. 
See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2006), § 481.115(c)
(Vernon 2003). Pursuant to a plea bargain agreement, appellant entered a plea of guilty. 
The trial court accepted appellant's plea, deferred adjudication of her guilt, sentenced
appellant to five years of community supervision, and assessed a $ 1,500 fine. Appellant
now appeals the judgment of the trial court. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that his review of
the record yields "no reversible error committed by the trial court and no arguable grounds
of error." Although counsel's brief does not advance any arguable grounds of error, it does
present a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced on appeal. Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim.
App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
appellant's counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's judgment. Counsel noted that appellant received proper
admonishments, the record contains no evidence that appellant was incompetent to stand
trial or pled guilty involuntarily, and the trial court's sentence was within the punishment
range authorized by statute. Counsel has informed this Court that he has: (1) examined
the record and found no arguable grounds to advance on appeal, (2) served a copy of the
brief on appellant, and (3) informed appellant of her right to review the record and to file a
pro se brief. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. On May 11,
2007, appellant's counsel filed a motion for extension of time to allow appellant time to file
a pro se brief with this Court if she so desired. We granted the motion and set the deadline
to August 11, 2007. The deadline has passed and appellant has not filed a pro se brief.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule of
Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744. We grant his motion
to withdraw. We further order counsel to notify appellant of the disposition of this appeal
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).


 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 11th day of October, 2007.